**[J-34-2021] [MO: Todd, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| J.S., A MINOR BY HIS PARENTS, M.S. AND D.S., | : | No. 2 MAP 2021 |
| | : | |
| | : | Appeal from the Order of the |
| Appellees | : | Commonwealth Court dated May 13, |
| | : | 2020 at No. 341 CD 2019 Affirming |
| | : | the Order of the Lancaster County |
| v. | : | Court of Common Pleas, Civil |
| | : | Division, dated February 25, 2019 at |
| | : | No. CI-18-04246. |
| MANHEIM TOWNSHIP SCHOOL | : | |
| DISTRICT, | : | ARGUED:  May 18, 2021 |
| | : | |
| Appellant | : | |

**DISSENTING OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED:  November 17, 2021**

This case presents an opportunity for this Court to squarely address a significant issue of first impression pertaining to the due process rights of students facing school discipline.  Deciding the overarching due process question in turn requires, *inter alia*, that we:  interpret certain provisions of the Pennsylvania Code, the Public School Code of 1949, and the Administrative Agency Law; assess the interplay between the relevant statutes and resolve any conflicts that may exist; and determine whether such interpretations were properly employed in this case and, if not, whether that failure deprived appellee J.S. of his constitutional right to due process.  Our definitive resolution of these various issues, which are all but certain to recur, is of substantial public importance, particularly to school boards, school administrators, teachers, students, and parents throughout the Commonwealth.

Yet, the majority declines to answer these weighty questions. Deeming it "prudent to resolve this appeal only on the First Amendment question," the majority sidesteps the highly concerning procedural aspects of J.S.'s expulsion to focus exclusively on the substance of the speech underlying his punishment. Majority Opinion at 13. The majority reasons:

> [I]f we were to find that J.S.'s due process rights were not violated, we would still have to determine whether the [Snapchat] memes were protected under the First Amendment. Likewise, if we were to find the School District did violate J.S.'s due process rights, there would be the theoretical possibility of a remand, and so we would still have to address the First Amendment question, as it would potentially moot such remand. Second, the School District and *amicus* Pennsylvania School Boards Association ("SBA") disagree about whether a school district has the ability, under the Pennsylvania School Code, to compel the testimony of a student at an expulsion hearing — an integral part of the due process analysis. The School District claims that it does not have statutory or inherent authority to compel student testimony, . . . while the SBA maintains school boards do have that power. . . . Thus, the two entities ostensibly representing our Commonwealth's schools are not in alignment on the implicated subpoena issue.

*Id.* (citations omitted).

With respect to the majority's first rationale, in my respectful view, regardless of our disposition of the issues presented in this appeal, there is simply no possibility — theoretical or otherwise — of a remand, the only potential purpose of which would be to hold a new expulsion hearing. This conclusion is inescapable for one simple reason: J.S. is no longer a student within the Manheim Township School District ("School District"). Notably, J.S. was a seventeen-year-old eleventh grade student at the time this incident occurred more than three years ago in April of 2018. *See* School District's Findings of Fact, 5/10/2018 at ¶1. The trial court sustained J.S.'s appeal and ordered his expulsion expunged in February of 2019, *see* Trial Court Order, 2/25/2019, and the School District's appeals have extended the duration of this case well past the natural point at which J.S. would have graduated or moved on. And since a school's power to suspend or expel is

limited to "any **pupil** on account of disobedience or misconduct," 24 P.S. §13-1318 (emphasis added), it necessarily follows that the school has no authority to retroactively seek to punish an individual, like J.S., who is a former pupil but not a current one. Thus, contrary to the majority's belief, there is no conceivable circumstance under which a remand would be warranted in this case.

I am likewise unpersuaded by the majority's second stated basis for declining to address the due process issue. The majority contends disagreement between the School District and SBA regarding the subpoena power of school boards militates against resolving the due process question in the present appeal. *See* Majority Opinion at 13. But I actually draw the exact opposite conclusion: from my point of view, the clear uncertainty permeating the relevant statutes, as evidenced by the differing positions offered by the School District and its own *amicus*, underscores the critical need for this Court's guidance. Moreover, that the parties and their *amici* have provided us with considered, alternative readings of the relevant statutes will, in my view, only aid us in our ultimate resolution of this difficult matter. Respectfully, I fail to see how less diverse viewpoints in the briefing would benefit our analysis.

To be clear, the free speech claim the majority decides is also highly important, and there is much to commend in its thoughtful analysis of that issue. As well, I acknowledge that since the two issues upon which we granted discretionary review both concern federal constitutional rights, the doctrine of constitutional avoidance does not provide any meaningful guidance in determining which issue we should deem dispositive. *Cf. In re "B"*, 394 A.2d 419, 421-22 (Pa. 1978) ("Ordinarily, when faced with . . . both constitutional and non-constitutional questions, we will make a determination on non-constitutional grounds, and avoid the constitutional question if possible."). Still, though, I find it more logical to first decide whether the **procedure** underlying J.S.'s expulsion was

tainted before deciding whether, as a **substantive** matter, the expulsion so imposed

violates the First Amendment.  I respectfully dissent on this basis.